IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMANDA G. CASTILLANES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1394-B-BN |
| | § | |
| AURELIO PEREZ, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Amanda G. Castillanes filed a *pro se* complaint against a defendant who appears to be an employee of Wonolo, Inc., alleging libel and slander and that, while Castillanes provided evidence that she worked on June 3, 2023, "Wonolo sent an email to [the] contrary," which caused her "distress to character." Dkt. Nos. 3, 6.

United States District Judge Jane J. Boyle referred the complaint to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

And, after reviewing it, the undersigned questions whether there is subject matter jurisdiction and, given the circumstances of this case, enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action for lack of subject matter jurisdiction.

These findings and conclusions provide Castillanes notice as to the jurisdictional deficiencies. And the ability to file objections to the undersigned's recommendation that this case be dismissed for lack of jurisdiction (further explained

below) offers Castillanes an opportunity to establish (if possible) that the Court does indeed have subject matter jurisdiction.

### Legal Standards

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Castillanes chose to file this lawsuit in federal court and, by doing so, undertook the burden to establish federal jurisdiction. *See Butler v. Dall. Area Rapid*

*Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))).

And, if Castillanes does not, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

In cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

This amount "is determined by the amount of damages or the value of the

- 3 -

property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

And, "[f]or diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). The United States Court of Appeals for the Fifth Circuit has therefore held "that a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

Under Section 1331, federal question jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting

*Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also*
*In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if
there appears on the face of the complaint some substantial, disputed question of
federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366
(5th Cir. 1995))).

The "'creation' test … accounts for the vast bulk of suits under federal law."
*Gunn*, 568 U.S. at 257 (citation omitted). But

> "a federal court [is also] able to hear claims recognized under state law
> that nonetheless turn on substantial questions of federal law, and thus
> justify resort to the experience, solicitude, and hope of uniformity that a
> federal forum offers on federal issues." That is to say, "federal
> jurisdiction over a state law claim will lie if a federal issue is: (1)
> necessarily raised, (2) actually disputed, (3) substantial, and (4) capable
> of resolution in federal court without disrupting the federal-state
> balance approved by Congress."

*Perez v. Se. SNF, L.L.C.*, No. 21-50399, 2022 WL 987187, at *3 (5th Cir. Mar. 31,
2022) (per curiam) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
545 U.S. 308, 312 (2005), then *Gunn*, 568 U.S. at 258).

## Analysis

Castillanes fails to adequately allege a basis for diversity jurisdiction under
Section 1332. While the complaint indicates that diversity is the basis for the Court's
jurisdiction and that each side resides in different states, it also specifies that the
amount demanded (or in controversy) is just $10,000. *See* Dkt. No. 3 at 2.

Turning to Section 1331, the claims alleged are generally actionable under
state law. Castillanes alleges no facts to show that such claims in the context of this
lawsuit may be pre-empted by a provision of federal law. No facts alleged raise a

substantial, disputed question of federal law. Nor do the well-pleaded allegations reflect that there is federal jurisdiction over a state law claim.

And, while the complaint cites 28 U.S.C. § 4101, a portion of which defines defamation, that statute

> merely defines "defamation" in the context of when a federal court or a court of any State may recognize a foreign defamation judgment; *i.e.*, a defamation judgment rendered by a court, administrative body, or other tribunal of a foreign country. 28 U.S.C. § 4101(1). It is not itself a private right of action that would confer federal-question jurisdiction. Moreover, there is no allegation in [the] Complaint involving a foreign defamation judgment. Since neither 28 U.S.C. § 4101 nor any of the state-law claims alleged in his Complaint confer federal-question jurisdiction, [Castillanes] is unable to establish this Court's subject-matter jurisdiction under 28 U.S.C. § 1331.

*White v. White*, No. 3:21-cv-228, 2022 WL 60336, at *2 (S.D. Ohio Jan. 6, 2022), *rec. adopted*, 2022 WL 788250 (S.D. Ohio Mar. 14, 2022); *see also Mitchell v. DHR*, Civ. A. 20-0411-TFM-C, 2020 WL 7083974, at *4 (S.D. Ala. Oct. 28, 2020) ("28 U.S.C. § 4101 does not create a federal cause of action for defamation." (citations omitted)), *rec. adopted*, 2020 WL 7083948 (S.D. Ala. Dec. 2, 2020).

## Recommendation

The Court should dismiss this case for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: July 12, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE